Merrimack
No. 88-296

IRA AND BARBARA MIGDAL

v.

WALTER AND CAROL STAMP & a.

August 23, 1989

172

*McSwiney, Jones, Semple & Douglas P.C.*, of Concord (*James B. Kazan* on the brief and orally), for the plaintiffs.

*Perkins, Phillips & Waters P.A.*, of Concord (*Roger B. Phillips* and *Timothy P. Gurshin* on the brief, and *Mr. Gurshin* orally), for the defendants Walter R. Stamp, Carol Stamp and Walter Robert Stamp, II.

*James S. Yakovakis P.A.*, of Manchester (*James G. Walker* on the brief and orally), for the defendant Central New Hampshire Community Mental Health Service, Inc.

*Ransmeier & Spellman*, of Concord (*R. Stevenson Upton* on the brief and orally), for the defendant Concord Hospital.

BROCK, C.J. The plaintiffs, Ira and Barbara Migdal, appeal from orders of the Superior Court (*Mangones*, J.) granting the defendants' motions for summary judgment and motion to dismiss. They claim that the trial court erred in ruling that the "fireman's

rule" barred their recovery in tort for injuries sustained by Ira Migdal, who was shot in the course of his duties as a Hopkinton police officer. For the reasons that follow, we affirm in part, reverse in part, and remand.

On May 16, 1986, a Bow police officer responded to a call from the residence of the defendants, Walter and Carol Stamp, and their 15-year-old son, Walter R. Stamp, II. The officer found on his arrival that their home apparently had been ransacked and vandalized. Upon questioning, Walter R. Stamp, II (Robert Stamp) confessed that he had committed the destruction.

In order to determine whether he required involuntary emergency hospitalization, the Bow police transported Robert Stamp to Concord Hospital, where the defendant Central New Hampshire Community Mental Health Services, Inc. (Community Mental Health) has a room and provides mental health counseling services. A counselor evaluated Robert Stamp and determined that he did not meet the criteria for involuntary emergency hospitalization. *See* RSA 135-B:19, :20, :26 (repealed by Laws 1986, 212:4, V, eff. Jan. 1, 1987). A police officer then released him to the custody of his parents.

The following morning, May 17, 1986, Robert Stamp removed from his parents gun cabinet approximately eight guns and 500 rounds of ammunition. Apparently, the weapons and ammunition had not been removed or secured when he was brought home from the hospital. He then proceeded to fire weapons throughout the Stamp home, leading to the arrival of the Bow police. The plaintiff, Ira Migdal, who was carrying out his duties as a Hopkinton police officer, arrived at the scene in response to a message from the police dispatcher that a Bow police officer required assistance because shots were being fired from the Stamp residence. In the course of the ensuing shoot-out, Robert Stamp fired a bullet which struck Officer Migdal in the leg. As a result of his injuries, Migdal received workers' compensation benefits.

The plaintiffs, Officer Migdal and his wife, Barbara, brought an action for damages against Robert Stamp, his parents, Community Mental Health, and Concord Hospital. In Count I, they alleged that Walter and Carol Stamp "knew or should have known" of their son's "dangerous propensities and mental and emotional instabilities," because of the events of the previous day, yet "negligently failed to supervise their minor child and negligently allowed [him] access to an array of dangerous firearms and ammunition," which resulted in injury to the plaintiff. Count II alleged that Community Mental Health and Concord Hospital failed to exercise due care in: (1)

"maintaining staffing schedules so as to assure that competent and qualified agents or employees were available at all times to perform emergency diagnoses of mental illness;" (2) "performing emergency diagnoses of mental illness pursuant to RSA 135-B"; and (3) "examining defendant Walter Robert Stamp, II." The plaintiffs alleged in Count III that Robert Stamp, by aiming and discharging a bullet into the plaintiff's leg, breached his "duty to conduct himself in a manner so as to not create an unreasonable risk of harm to others." In Count IV, Barbara Migdal stated a claim for loss of consortium.

On January 20, 1988, the court granted motions for summary judgment filed by defendants Walter and Carol Stamp, and Concord Hospital. Subsequently, the court denied the plaintiffs' motion for reconsideration of that order. The court also granted Robert Stamp's motion for summary judgment on July 6, and Community Mental Health's motion to dismiss on July 7. The court found that the "fireman's rule," which precludes a firefighter, or a police officer, from recovering in tort for injuries caused by negligent conduct that creates the very occasion for the officer's engagement, barred the plaintiffs' action as to all defendants. *See England v. Tasker*, 129 N.H. 467, 468, 529 A.2d 938, 939 (1987).

The plaintiffs advance four arguments on appeal. First, they contend that prior to *England* there was no "living and breathing fireman's rule," and that therefore the rule should not be applied retroactively to the plaintiff, who was injured before the date of the decision and who, they assert, reasonably believed he had "full rights of civil redress." Second, they assert that the application of the fireman's rule in this case would not serve the stated public policy rationales of *England*. Third, they argue that the fireman's rule is inapplicable to this case because the conduct of the Stamp parents created what was an "ultrahazardous" situation, in which the plaintiff was shot, and because the negligence of the defendants Concord Hospital and Community Mental Health was "considerably removed in time and space from the actual shooting." Fourth, the plaintiffs contend that this court should undertake a plenary review of these arguments as to each defendant, despite the fact that they first raised the retroactivity and public policy arguments against the Stamp parents and Concord Hospital in their motion for reconsideration of the order granting summary judgment, and did not raise them in their earlier objection to the summary judgment motions.

■ In *England,* we held that public policy concerns required application of the fireman's rule "to preclude a police officer or fireman, both of whom are paid to confront crises and allay dangers created by an uncircumspect citizenry, from complaining of negligence in the creation of the very occasion for their engagement." *England, supra* at 471–72, 529 A.2d at 941. The plaintiffs claim that this rule should not be applied retroactively because it constitutes a change in existing law and because Officer Migdal properly assumed that he had the same civil remedies as other New Hampshire citizens. We disagree. This court recognized in *England* that the fireman's rule, which is "almost universally accepted," *England, supra* at 468, 529 A.2d at 939, eliminated "no pre-existing action at common law." *England, supra* at 479, 529 A.2d at 941. Although the rationale underlying the rule has undergone noteworthy change, the rule itself is longstanding. *See id.* at 469–70, 529 A.2d at 939; *see also Clark v. Railroad,* 78 N.H. 428, 432, 101 A. 795, 797 (1917); *Smith v. Company,* 83 N.H. 439, 445–47, 144 A. 57, 61 (1928); *Davy v. Greenlaw,* 101 N.H. 134, 134–35, 135 A.2d 900, 901 (1957). Thus, any assumption or reliance on the part of the plaintiffs that their suit was not limited by the rule was clearly misplaced.

We also reject the plaintiffs' argument that the fireman's rule should not be applied in this case because the policies enunciated in *England* would not be served. We see no reason to depart from the widely held principle that a police officer should not recover for acts of ordinary negligence which create the occasion for his employment. *See, e.g., Berko v. Freda,* 93 N.J. 81, 86, 459 A.2d 663, 666 (1983); *Walters v. Sloan,* 142 Cal. Rptr. 152, 154, 571 P.2d 609, 611 (1977); *Chapman v. Craig,* 431 N.W.2d 770, 771-72 (Iowa 1988). In *England,* however, we noted that the plaintiff's writ alleged only simple negligence; therefore, we did not consider the application of the rule to a charge of willful or wanton conduct. *England,* 129 N.H. at 472, 529 A.2d at 941.

■ Traditionally, courts have held that the protection of the fireman's rule does not extend to willful, wanton or reckless conduct. W. KEETON, PROSSER AND KEETON ON TORTS § 61, at 430 (5th ed. 1984); *see Lave v. Neumann,* 211 Neb. 97, 99, 317 N.W.2d 779, 781 (1982) (duty to refrain from injuring safety officer by willful or wanton negligence); *Scheurer v. Trustees of the Open Bible Church,* 175 Ohio St. 163, 171–72, 192 N.E.2d 38, 43 (1963) (same); *see also* Note, *Oregon Abolishes the Fireman's Rule: Christensen v. Murphy,* 19 SUFFOLK U.L. REV. 957, 959–60 (1985). Courts have also recognized that an officer may recover for positive wrongful acts which result in injury. *See* Note *supra* (active negligence is

exception to fireman's rule); *Koehn v. Devereaux*, 495 N.E.2d 211, 215 (Ind. Ct. App. 1986). While we affirm the general soundness of the fireman's rule, we agree with those courts that limit its scope to acts of ordinary negligence.

■ In this case, Count II alleges only simple negligence against the defendants Concord Hospital and Community Mental Health. The trial court therefore correctly ruled that the fireman's rule barred the plaintiffs' action against those defendants.

■ Count I alleges *inter alia* that the defendants Walter and Carol Stamp, aware of the fact that their minor son had ransacked and vandalized their home, was suffering from mental and emotional instabilities and exhibited dangerous propensities, nevertheless failed to seek recommended medical treatment for him and allowed him access to an array of firearms and ammunition. These allegations are sufficient to establish a claim of reckless or wanton conduct, even though the plaintiffs use the term "negligence" in their complaint. *See* BLACK'S LAW DICTIONARY 1142–43 (5th ed. 1979) ("recklessness" involves conduct evincing "disregard of or indifference to consequences under circumstances involving danger to life or safety of others, although no harm was intended"). Therefore, summary judgment was improper as to the Stamp parents.

■ Similarly, Count III against Robert Stamp alleges more than ordinary negligence; it alleges a positive wrongful act; *i.e.*, aiming at and shooting the plaintiff. If proved, this conduct also would fall within an exception to the fireman's rule. *See Pallikan v. Mark*, 163 Ind. App. 178, 180, 322 N.E.2d 398, 399 (1975). The court thus erred in granting Robert Stamp's motion for summary judgment.

■ Although we recognize exceptions to the fireman's rule for wanton or reckless conduct and for positive acts of misconduct, the plaintiffs argue that we should recognize an exception to the fireman's rule for negligent creation of an "ultrahazardous" situation and for negligence which was "considerably removed in time and space" from the ultimate injury. Concord Hospital contends that the plaintiffs failed to raise this argument in their objections to the summary judgment motions. We need not determine whether the argument was properly raised, because the plaintiffs offer no support, in case law or public policy, for either exception. The plaintiffs rely solely on *Smith v. Company*, 83 N.H. 439, 144 A. 57 (1929) for the proposition that the rule does not encompass ultrahazardous activities or negligence removed in time from the injury. The plaintiffs misconstrue the holding of *Smith*.

The court in *Smith* recognized that an exception to the fireman's rule existed where the defendant knew of a gas leak but failed to warn the fireman of the hidden danger. *Id.* at 449–50, 144 A. at 62. In this case, there appears to be no dispute that Officer Migdal understood the nature of the hazard he was confronting. We therefore find the plaintiffs' argument unconvincing.

Because of our disposition of the plaintiffs' arguments, it is unnecessary to consider the propriety of plenary review of their arguments as to all defendants. The orders granting the motions for summary judgment and dismissal in favor of the defendants Concord Hospital and Community Mental Health are affirmed. We reverse the orders granting summary judgment in favor of the defendants Walter and Carol Stamp, and Robert Stamp, and remand the case for further proceedings consistent with this decision.

*Affirmed in part; reversed in part; remanded.*

SOUTER, J., did not sit; the others concurred.