Scott A. LAMBERT, et al., Appellants,

v.

Eric SCHAEFER, et al., Respondents.

No. WD 45696.

Missouri Court of Appeals,
Western District.

Sept. 22, 1992.

As Modified Oct. 27, 1992.

Vance C. Preman, Kansas City, for appellants.

Paul Kingsolver, Robert A. Bailey, Brian A. Snyder, Kansas City, for respondents.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

TURNAGE, Presiding Judge.

Police officers Scott Lambert and Rickey Barney, Sr., brought a multi-count action against Eric Schaefer and Joseph Hopkins, both minors, and against their parents, Nancy Schaefer, and Ronnie and Therese Hopkins, respectively, for personal injuries sustained when the minors shot at and injured the officers during a routine burglary investigation. All Counts except Count II were based on a negligence theory and Count II pleaded assault and battery. The court sustained the motion to dismiss for failure to state a claim upon which relief can be granted based upon the "Fireman's Rule." On appeal, Lambert and Barney contend that the trial judge misapplied the "Fireman's Rule." Affirmed in part, reversed in part and remanded.

According to the petition, on February 1, 1991, Eric Schaefer and Joseph Hopkins, both 14–year–old minors, were allegedly involved in some residential burglaries in Eastern Jackson County and in the course of their actions had stolen at least two handguns. Later that same day, Officers Lambert and Barney were routinely patrolling the Grain Valley area when they were informed of the suspicious behavior of two juveniles near the area of I–70 and Route BB. At approximately 7:00 p.m., the officers confronted Schaefer and Hopkins in a grassy wooded area behind a Conoco Station near I–70 and Route BB.

Lambert and Barney identified themselves as police officers and in response, Hopkins aimed his .22 caliber gun at Officer Barney and fired the weapon. Barney was not hit by the shot but claims injury from emotional distress. Similarly, Schaefer aimed and fired his .357 magnum handgun at Officer Lambert, striking him twice. Although Lambert was wearing a protective vest at the time, he sustained injuries to his chest and stomach.

Lambert and Barney brought this suit against Schaefer and Hopkins and their parents. The trial court ruled that the "Fireman's Rule" barred the officers' cause of action. Lambert and Barney contend that the court improperly applied the fireman's rule to police officers.

■ The fireman's rule provides:

[A] fireman brought in contact with an emergency situation solely by reason of his status as a fireman who is injured while performing fireman's duties may not recover against the person whose ordinary negligence created the emergency.

*Krause v. U.S. Truck Co., Inc.*, 787 S.W.2d 708, 711[9] (Mo. banc 1990) (citing *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86, 87 (Mo. banc 1986) and *Nastasio v. Cinnamon*, 295 S.W.2d 117, 121 (Mo.1956)). Al-

though the fireman's rule was traditionally based on premises liability, most courts now rely on assumption of risk and public policy as rationales for the rule. *Phillips,* 722 S.W.2d at 88.

■ Lambert and Barney contend that the fireman's rule should not be extended to police officers. Although Missouri courts have not explicitly addressed the issue of whether policemen are precluded from recovery for injuries under the fireman's rule, the Missouri Supreme Court has acknowledged, albeit in dicta, that the rule may be applied to police officers injured in the line of duty. *Krause,* 787 S.W.2d at 711[11]. The issue in *Krause* was whether the fireman's rule should apply to ambulance attendants. In finding that the rule did not apply to this type of public employee, the court distinguished the duties of firemen and policemen from those of ambulance attendants. *Id.* at 712–13.

Several other jurisdictions have held that the fireman's rule applies to policemen as well as to firemen. *Walters v. Sloan,* 20 Cal.3d 199, 142 Cal.Rptr. 152, 154, 571 P.2d 609, 611[2] (1977); *Kreski v. Modern Wholesale Elec. Supply,* 429 Mich. 347, 415 N.W.2d 178, 183[2] (1987); *Flowers v. Sting Security, Inc.,* 62 Md.App. 116, 488 A.2d 523, 527[1] (1985); *Berko v. Freda,* 93 N.J. 81, 459 A.2d 663, 666[2] (1983). This court finds those cases persuasive and agrees that the fireman's rule is applicable to policemen in the course of their professional duties as well as to firemen.

■ While the fireman's rule may provide a shield of liability for defendants in cases involving ordinary negligence, it is not a "license to act with impunity or without regard for the safety officer's wellbeing." *Kreski,* 415 N.W.2d 178, 189[9]. There are certain exceptions to the rule which may in some cases provide an avenue of recovery for policemen and firemen. The exceptions include: (1) acts involving reckless or wanton negligence or willful conduct; (2) separate and independent acts;

and (3) intentional torts. *Anderson v. Cinnamon,* 365 Mo. 304, 282 S.W.2d 445, 447[3] (Mo. banc 1955); *Rishel v. Eastern Airlines,* 466 So.2d 1136, 1138[3] (Fla.App. 1985); *Migdal v. Stamp,* 132 N.H. 171, 564 A.2d 826, 828[3] (1989); *Lang v. Glusica,* 393 N.W.2d 181, 183[1] (Minn.1986); *Berko,* 459 A.2d at 668; *Rose v. City of Los Angeles,* 159 Cal.App.3d 883, 206 Cal.Rptr. 49, 52 (1984).

■ Lambert and Barney contend that their claims fall within the recognized exceptions to the fireman's rule. They first contend the acts of Schaefer and Hopkins constituted willful, wanton and reckless negligence and should thus fall within the ambit of the first exception. In *Anderson,* the Missouri Supreme Court noted that, "a licensee takes the premises as he finds them, except for wantonness or some form of intentional wrong or active negligence." 282 S.W.2d at 447[3] (citing *Stevenson v. Kansas City Southern Ry. Co.,* 348 Mo. 1216, 159 S.W.2d 260 (Mo.1942)). Several other jurisdictions have also recognized this exception as applied to policemen. *Sanderson v. Freedom Savings & Loan Ass'n,* 548 So.2d 221, 222 (Fla.1989); *Rishel,* 466 So.2d at 1138[3]; *Migdal,* 564 A.2d at 828[3]. In the case at issue, the first exception would apply to all but Count II. The exception cannot be invoked in this case, however, because the officers failed to allege reckless or wanton negligence or willful conduct in their petition, except for Count II.

If properly alleged and shown, the second exception to the rule, independent and separate acts, will also allow firemen and police officers to recover. *Rose,* 206 Cal. Rptr. at 50. Again, however, the officers failed to allege this claim in their petition.

The last exception, intentional torts, is also a basis for recovery. *Lang,* 393 N.W.2d at 183[1]; *Berko,* 459 A.2d at 668. Although Missouri courts have not directly addressed the issue of whether intentional injuries inflicted on a police officer are outside the scope of the fireman's rule, the

Missouri Supreme Court has implied that intentional wrongs would not be shielded by the rule. *Anderson,* 282 S.W.2d at 447[3]. Courts in other jurisdictions have explicitly held that the fireman's rule will not preclude recovery by a policeman for injuries that are intentionally inflicted by individuals.[1] *Rozenboom v. Proper,* 177 Mich.App. 49, 441 N.W.2d 11, 13–14 (1989); *Lang,* 393 N.W.2d at 183; *Berko,* 459 A.2d at 668; *Woodland Mutual Fire Insurance Company,* 366 N.W.2d 125, 126–27[2] (Minn.App.1985).

Lambert and Barney alleged that Schaefer and Hopkins committed assault and battery upon them. These are intentional torts that fall within the exception to the fireman's rule. Therefore, the trial court erred in sustaining the motion to dismiss as to Count II of the petition.

Lambert and Barney failed to allege reckless or wanton negligence, willful misconduct and separate and independent acts in Counts I, III, IV and V and those Counts were properly dismissed. Accordingly, the *judgment dismissing Counts I, III, IV and V is affirmed.* Count II pleaded an intentional tort which is not within the fireman's rule. The judgment on that Count is reversed and this case is remanded for further proceedings.

All concur.

---

1. One California court, however, denied recovery to a police officer who, unlike the case at bar, was called to subdue a violent offense involving firearms. The court noted that the officer could "reasonably anticipate that one of the persons whom he was called on to subdue might resist him by use of the firearms involved." *Lenthall v. Maxwell,* 138 Cal.App.3d 716, 188 Cal.Rptr. 260, 262[2] (1982). This court does not find that case to be persuasive.