Hillsborough-southern judicial district
No. 94-060

RITA TRAHAN-LAROCHE AND LUCIEN LAROCHE

v.

LOCKHEED SANDERS, INC.

April 21, 1995

*Nixon, Raiche, Brown & Manning, P.A.*, of Manchester (*Nicholas D. Brown* on the brief and orally), for the plaintiffs.

*McDonough & O'Shaughnessy, P.A.,* of Manchester (*Claire W. Rouillard* on the brief and orally), for the defendant.

HORTON, J. The plaintiffs, Rita Trahan-Laroche and Lucien Laroche, appeal a decision of the Superior Court (*Dalianis, J.*) granting the motion of the defendant, Lockheed Sanders, Inc., for summary judgment on their *respondeat superior* and negligent supervision claims. We reverse and remand.

On October 24, 1990, a flatbed trailer separated from the pickup truck towing it and collided with the plaintiffs' vehicle. Patrick J. Maimone, employed by the defendant as a maintenance mechanic, was the driver as well as the owner of both the truck and the trailer. One of his tasks was to hay the fields at the defendant's facilities in Hudson and Litchfield. Maimone provided most of the haying equipment, most of which he towed to the defendant's premises with his truck and trailer. The defendant did not compensate Maimone for the use of the equipment or the time spent transporting it, but did pay him his normal wages while haying the fields and permitted him to keep any hay he removed. Prior to the day of the accident, Maimone had completed haying the fields at the defendant's Litchfield facility, but had not removed his trailer or all of the farming equipment. After work on October 24, 1990, but before leaving the defendant's premises, Maimone hitched his trailer to his truck for use in transporting hay from his farm to the Agway store to sell that evening. He planned to return the trailer to remove the remaining farm machinery. The trailer separated from the truck during the drive from the defendant's Litchfield facility to Maimone's farm.

The plaintiffs sued the defendant under theories of *respondeat superior* and negligent supervision. They argued that Maimone was acting within the scope of his employment at the time of the accident. Alternatively, they argued that while on the defendant's property and under the defendant's supervision and control, Maimone negligently attached his trailer and used inadequate safety chains in violation of the common law and RSA 266:63 (1993). The defendants moved for summary judgment, arguing that no disputed issues of material fact existed and that the plaintiffs failed to state a claim upon which relief may be granted because Maimone was not acting within the scope of his employment. The plaintiffs also moved for partial summary judgment on the ground that, as a matter of law, Maimone's actions were within the scope of his employment.

The trial court ruled as a matter of law that Maimone acted outside the scope of his employment. Treating the defendant's motion as a motion to dismiss, the court concluded that "even taking the facts and reasonable inferences drawn therefrom in the light most favorable to them, the plaintiffs have failed to state a claim that would permit them

to recover." The trial court granted the defendant's motion for summary judgment, ruling that even if "the plaintiffs stated valid causes of action based in respondeat superior and negligent supervision, no issues of material fact exist, and therefore the moving party is entitled to judgment as a matter of law." The plaintiffs' motion for partial summary judgment, premised upon a finding that Maimone acted within the scope of his employment, was denied. The plaintiffs appealed.

We begin by reviewing the trial court's order under the standard for motions to dismiss because the court treated the defendant's motion for summary judgment as such.

> On an appeal from an order granting a motion to dismiss, the only issue raised is whether the allegations are reasonably susceptible of a construction that would permit recovery. We will assume the truth of both the facts alleged in the plaintiff's pleadings and all reasonable inferences therefrom as construed most favorably to the plaintiff. If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied.

*Collectramatic, Inc. v. Kentucky Fried Chicken Corp.,* 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (quotation omitted). Applying this standard to the plaintiffs' pleadings, we hold that a motion to dismiss should not have been granted. If proven, the facts alleged in the plaintiffs' pleadings, together with the reasonable inferences derived therefrom, would constitute a basis for relief under the plaintiffs' *respondeat superior* and negligent supervision claims.

■■ Under the doctrine of *respondeat superior,* an employer may be held vicariously responsible for the tortious acts of an employee committed incidental to or during the scope of employment. *See Richard v. Company,* 79 N.H. 380, 383–84, 109 A. 88, 91 (1920). Here, the plaintiff has alleged that the movement of Maimone's trailer for temporary personal use was understood to be part of the agreement between Maimone and the defendant regarding Maimone's provision of the farming equipment and removal of the hay, and therefore incidental to Maimone's employment. This allegation could lead to a finding that would support recovery based on the doctrine of *respondeat superior* if found to be true by a jury. *See id.*

■■ An employer may be directly liable for damages resulting from the negligent supervision of its employee's activities. *See Cutter v. Town of Farmington,* 126 N.H. 836, 840, 498 A.2d 316, 320 (1985); RESTATEMENT (SECOND) OF AGENCY § 213 (1958). The employer's duty to exercise reasonable care to control its employee may extend to activities performed outside the scope of employment. RESTATEMENT

(SECOND) OF TORTS § 317 (1965). The plaintiffs alleged that although Maimone was involved in several accidents involving vehicles and equipment while in the defendant's employ, his activities were not closely supervised, and his equipment and vehicles were not regularly inspected. This allegation and the reasonable inferences therefrom raise a jury issue as to whether the defendant negligently supervised Maimone. *See* RESTATEMENT (SECOND) OF AGENCY § 213; RESTATEMENT (SECOND) OF TORTS § 317. We therefore hold that it was error to dismiss the plaintiffs' claims. *See Collectramatic,* 127 N.H at 320, 499 A.2d at 1000.

We next review the trial court's ruling on the parties' motions for summary judgment, considering the affidavits and any other evidence, as well as all inferences properly drawn from them, in the light most favorable to the non-moving party. If there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, then summary judgment is properly entered. *See Gould v. George Brox, Inc.,* 137 N.H. 85, 88, 623 A.2d 1325, 1327 (1993). A review of the record, including the depositions, reveals evidence from which conflicting inferences could be drawn both as to whether Maimone was acting incidental to or within the scope of his employment when he moved his trailer for temporary personal use and whether the defendant was independently negligent in supervising Maimone and in inspecting his truck and his trailer. We conclude that neither party is entitled to judgment as a matter of law on either the plaintiff's *respondeat superior* or negligent supervision claims. *See id.* We reverse the trial court's granting of the defendant's motion for summary judgment and remand.

*Reversed and remanded.*

All concurred.