Kinney v. Pepperell                    CV-00-087-JD  10/26/00
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


David Kinney

        v.                              Civil No. 00-87-JD
                                        Opinion No. 2000 DNH 229
Town of Pepperell, et al.


                              O R D E R


     The plaintiff, David Kinney, brings a civil rights action
and related state tort claims, arising from his arrest and
prosecution on charges of simple assault and resisting arrest.
Kinney brings claims against the towns of Brookline, Milford, and
Hollis, New Hampshire, and Pepperell, Massachusetts, and against
Deborah Clark, a police officer in Brookline, and David Turgeon
and Steven Desilets, police officers in Hollis.  Two related
cases were filed in this court by Marcia and Clarence Farwell who
also allege civil rights and related tort claims against the same
defendants.  See Farwell v. Brookline, et al., Civil No. 00-86-M,
and Farwell v. Brookline, et al., Civil No. 00-89-M.  The towns
of Milford, New Hampshire, and Pepperell, Massachusetts, moved
for judgment on the pleadings in all three cases.


                         Standard of Review

     "After the pleadings are closed but within such time as not
to delay the trial, any party may move for judgment on the

pleadings." Fed. R. Civ. P. 12(c). When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving part[ies'] well-pleaded factual averments as true and draw all reasonable inferences in [their] favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

## Background

David Kinney alleges that on July 3, 1997, he and his family were visiting at the home of his parents-in-law, the Bentses, in Brookline, New Hampshire. At about midnight, the bell in the Brookline Church of Christ began to ring, which had been a tradition in the town for more than a hundred years. When Kinney's son reported that someone had been arrested for ringing the bell, the family walked from the house to the church. Police officers from the towns of Hollis, Pepperell, and Milford were assembled with officers from Brookline near the church. Brookline had issued a "mutual aid" call for police assistance

from the other towns, but had not adhered to the proper protocol for "mutual aid."

When the family reached the town hall, Kinney saw Marcia Farwell being arrested and saw Clarence Farwell being forced to the ground and sprayed with "pepper" spray.[1] Kinney approached a police officer and asked if he could speak to him. The police officer said "yes," but when Kinney began to walk along and talk with the officer about the situation, the officer turned, butted into Kinney, and accused Kinney of assaulting him. The officer asked Kinney if he wanted to fight, and Kinney declined. The officer then grabbed Kinney and drove him into the ground face down. One or two other officers approached them, and one of the officers raised Kinney's head and slammed it onto the road multiple times. Kinney was handcuffed in a way that twisted his wrists painfully.

Kinney was charged with simple assault and resisting arrest. After a bench trial, Kinney was found not guilty of the charges.

---

[1]Although Kinney does not include this information in his complaint, Marcia and Clarence Farwell were also guests, with the Kinneys, at the Bentses' home.

Discussion

Kinney brought suit against the towns and three police officers. In count one, Kinney brings claims pursuant to 42 U.S.C.A. § 1983, alleging that all of the defendants violated his First, Fourth, and Fourteenth Amendment rights, and articles fifteen, nineteen, and twenty-two of the New Hampshire Constitution. In count two, Kinney claims respondeat superior liability for the police officers' actions for the state tort claims and violations of statutory and constitutional law. In count three, Kinney claims that the towns and defendant Stephen Desilets are liable under § 1983 and the New Hampshire Constitution for negligent training and supervision of the police officers who were involved in the altercation with him. In count four, Kinney alleges state tort claims of assault and battery against all of the defendants. In count five, Kinney alleges negligence against the individual defendants, and in count six Kinney alleges malicious prosecution against the towns of Hollis and Brookline and the individual defendants. The Farwells allege substantially similar claims in their cases, although they both also bring claims for defamation and Clarence Farwell does not bring a claim for malicious prosecution.

The Towns of Pepperell and Milford move for judgment on the pleadings as to all of the claims against them. Pepperell and

4

Milford also moved for judgment on the pleadings in the Farwell cases, and Judge McAuliffe granted those motions, in part, in orders dated October 20, 2000. Due to the similarity of the claims and the motions for judgment on the pleadings in all three cases, the court has reviewed the orders issued by Judge McAuliffe and, in the exercise of its independent judgment, concurs with pertinent portions of those orders as noted below.

Kinney's claims against Milford and Pepperell are generally deficient for the same reasons that the Farwells' claims were dismissed. Kinney does not allege actions or conduct by any police officers or other agents or employees of Milford or Pepperell that violated his constitutional rights or constituted state law torts committed against him. Absent allegations of constitutional violations for which the towns would be liable, Kinney has not stated a claim under § 1983 against the towns. See Evans v. Avery, 100 F.3d 1033, 1040 (1st Cir. 1996); Marcia Farwell, No. 00-89-M, slip op. at 5-7; see also Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 34 (1st Cir. 1996) (holding that plaintiffs must plead the elements of civil rights actions).

Similarly, state law claims against an employer, based on a theory of respondeat superior, require allegations of tortious activity by an employee. See Trahan-Laroche v. Lockheed Sanders, Inc., 139 N.H. 483, 485 (1995). Kinney has not alleged that any

5

officers from Milford or Pepperell committed assault and battery or any other state law torts. Therefore, his claims for respondeat superior and assault and battery against those towns are dismissed.

In addition, to the extent Kinney intended to bring claims premised on the New Hampshire Constitution, those claims are also dismissed. Section 1983 provides a cause of action for violations of the _federal_ constitution. The New Hampshire Constitution does not provide remedies for violations, and Kinney has not shown that the New Hampshire Supreme Court has established remedies for the violations he alleges. See Marquay v. Eno, 139 N.H. 708, 721 (1995). As the court held in the Farwell cases, see Marcia Farwell, No. 00-89-M at 11-12, this court will not extend state law beyond its established boundaries. See Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1187 (1st Cir. 1996).

Therefore, counts one, two, three, and four are dismissed as to the towns of Milford and Pepperell. Those are the only claims brought against those defendants.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motions for judgment on the pleadings (documents no. 12 and 14) are granted. Judgment shall be entered in favor of the defendants, the Towns of Pepperell and Milford.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 26, 2000

cc:  Kenneth G. Bouchard, Esquire
     Donald E. Gardner, Esquire
     John A. Curran, Esquire
     Michael B. O'Shaughnessy, Esquire