**John HALLQUIST, Appellant,**

v.

**Keith MIDDEN, Respondent.**

**No. ED 86836.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 23, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 2006.

Application for Transfer Denied
Aug. 22, 2006.

602

James M. Dowd, St. Louis, MO, for Appellant.

Daniel E. Wilke, Julia E. Wilke, St. Louis, MO, for Respondent.

**OPINION**

GEORGE W. DRAPER III, Judge.

John Hallquist (hereinafter, "Officer") filed this personal injury action in St. Louis County against Susan Sutton (hereinafter, "Driver One") and Keith Midden (hereinafter, "Driver Two"), seeking damages after being struck by Nathan Smith (hereinafter, "Driver Three"). The trial court granted Driver Two's motion to dismiss for failure to state a claim. Officer voluntarily dismissed his claims without prejudice against Driver One and brings this appeal.

■ A motion to dismiss is an attack on the petition and is solely a test of the adequacy of that pleading. *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002); *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993); *Armistead v. A.L.W. Group*, 155 S.W.3d 814, 816 (Mo. App. E.D.2005). When reviewing a motion to dismiss, we assume that all of plaintiff's allegations are true and liberally grant plaintiff all reasonable inferences therefrom to determine if any ground for relief is stated. *State ex rel. Diehl v. Kintz*, 162 S.W.3d 152, 155 (Mo.App. E.D.2005). This Court does not endeavor to determine whether the alleged facts are credible or persuasive. *Armistead*, 155 S.W.3d at 816. "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri*, 860 S.W.2d at 306.

In his petition, Officer states he was called to the scene of an accident caused by Driver One on March 15, 2003. Driver One was driving drunk. At the scene, Officer participated in the investigation, placed flares in the area, and positioned his patrol car to block traffic.

While at the scene, Driver Two, also driving drunk, entered the accident scene and was placed under arrest. Officer went inside his patrol car approximately fifteen minutes later and was thereafter rear-ended by Driver Three, also driving drunk.

Officer alleges Driver One was wantonly or recklessly negligent, identifying five of her actions which he believed were wanton or reckless. Officer also alleges Driver Two was wantonly or recklessly negligent for driving under the influence. Officer believes their wanton or reckless behavior resulted in the injuries he received after being struck by Driver Three.

Driver Two filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court sustained Driver Two's motion. Officer voluntarily dismissed his claims against Driver One without prejudice and brings this appeal.

Officer raises one point on appeal, claiming the trial court erred in dismissing his petition for failure to state a claim because he believes the petition alleges Driver Two's drunk driving caused Officer to remain in a position of peril and consequently incur injury by another vehicle.[1] Officer believes this invokes the "reckless or wanton negligence" exception to the firefighter's rule. We find Officer's claim fails for two independent reasons.

 First, when instigating an action for negligence, "a plaintiff must establish that there was a duty and that the breach of that duty was the proximate cause of his injury." *Hoffman v. Union Elec. Co.,* 176 S.W.3d 706, 708 (Mo. banc 2005). The existence of a duty is a matter of law. *Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 156 (Mo. banc 2000). Our determination of whether a duty exists rests on sound public policy. *Hoffman,* 176 S.W.3d at 708 (*quoting Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc.,* 700 S.W.2d 426, 431 (Mo. banc 1985)). "In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on defendant." *Hoffman,* 176 S.W.3d at 708.

 Foreseeability is defined "as the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." *Lopez,* 26 S.W.3d at 156. A mere probability is insufficient; rather, there must be the existence of a probability which would cause a reasonable person to take precautions to avoid it. *Id.* "No duty is owed to persons 'outside the orbit of the danger as disclosed to the eye of reasonable vigilance.'" *Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 710 (Mo. banc 1990)(*citing Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253 (1928)).

 When a person takes it upon himself or herself to engage in a risk-laden behavior, such as driving while intoxicated, there are a myriad of foreseeable consequences which may result from this behavior. However, even upon application of the exception to the firefighter's rule, this Court cannot find support for the proposition that there is more than a mere probability that a consequence of driving while intoxicated would be that the arresting officer would be struck by another drunk driver. Stated concisely, this outcome is not foreseeable. Accordingly, Driver Two

---

1. In actuality, Officer did not allege in his petition that Driver Two caused him to remain in a perilous position and consequently, injured by another vehicle. Driver Three is absent from this cause of action.

could have no duty toward Officer, and the trial court properly granted the motion to dismiss.

■ Second, assuming, *arguendo*, a duty existed, Officer failed to plead facts on the face of the petition which would exclude the invocation of the firefighter's rule. Specifically, Officer failed to demonstrate Driver Two's actions fell outside the scope of ordinary negligence.

[13, 14] The firefighter's rule provides "that a [firefighter] brought in contact with an emergency situation solely by reason of his [or her] status as a [firefighter] who is injured while performing [firefighter's] duties may not recover against the person whose ordinary negligence created the emergency." *Gray v. Russell,* 853 S.W.2d 928, 930 (Mo. banc 1993)(*citing Krause,* 787 S.W.2d at 711). "A fireman assumes ... all risks incident to his firefighting activities except for hidden risks which are known by the landowner." *Kilventon v. United Missouri Bank,* 865 S.W.2d 741, 744 (Mo.App. W.D.1993)(*citing Krause,* 787 S.W.2d at 711). The Missouri Supreme Court first recognized the firefighter's rule could be extended to police officers in *Krause* and was recognized explicitly by *Lambert v. Schaefer,* 839 S.W.2d 27, 29 (Mo.App. W.D.1992). *Krause,* 787 S.W.2d at 711.

■ The firefighter's rule safeguards a defendant's liability in cases involving ordinary negligence, but it does not provide a "license to act with impunity or without regard for the safety officer's well-being." *Lambert,* 839 S.W.2d at 29 (*quoting Kreski v. Modern Wholesale Elec. Supply,* 429 Mich. 347, 415 N.W.2d 178, 189 (1987)). There are exceptions to the application of the firefighter's rule, including: "(1) acts involving reckless or wanton

negligence or willful conduct; (2) separate and independent acts; and (3) intentional torts." *Lambert,* 839 S.W.2d at 29.

■ Officer contends his claims fall within the recognized exceptions to the firefighter's rule. Officer alleges in his petition that Driver Two acted wantonly or recklessly "by driving under the influence with a blood alcohol content in excess of the legal limit and to the extent that his driving ability was impaired." Since Officer alleged wanton and reckless negligence, he must show something substantially greater than the reasonable anticipation of danger. *See Hockensmith v. Brown,* 929 S.W.2d 840, 849 (Mo.App. W.D.1996).

> A person is reckless, willful, and wanton when he or she makes a conscious choice to act, either with knowledge of the serious danger to others involved or with knowledge of the facts, which would disclose the danger to any reasonable person. Prior to acting, the person must recognize that his or her conduct involves a risk substantially greater in amount than that which is necessary to make the conduct merely negligent.

*Id.* at 845 (internal citation omitted).

Officer fails to allege in the petition any basis for Driver Two's wanton or reckless behavior other than driving while intoxicated.[2] At the time Officer was injured by Driver Three, Driver Two was safely off of the road, not endangering anyone. There was no allegation that prior to driving Driver Two recognized his conduct involved a substantially greater risk than merely negligent driving drunk nor was there any pleading regarding a behavior or action by Driver Two that the present case law recognizes as wanton or reckless. It was not foreseeable that his driving would

---

**2.** We note, for comparison purposes only, Officer pleaded five actions by Driver One which he believed caused her behavior to rise to the level of a wanton or reckless act.

cause an unrelated third party to cause injury to Officer. The mere allegation of driving drunk without something more, while not condoned by this Court, is not legally sufficient to plead wanton or reckless behavior.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.