**Moen PHILLIPS, Plaintiff-Appellant,**

v.

**HALLMARK CARDS, INC.,
Defendant-Respondent.**

No. 68167.

Supreme Court of Missouri,
En Banc.

Dec. 16, 1986.

Rehearing Denied Jan. 13, 1987.

James W. Jeans, Sr., Platte City, Robert C. Gordon, Kansas City, for Moen Phillips.

Robert J. Sisk, John M. Townsend, Norman C. Kleinberg, Ronald A. Stern, New York City, Robert L. Driscoll, John C. Aisenbrey, Kansas City, for Hallmark Cards, Inc.

John C. Cozad, Rob Hornstein, Kansas City, for amicus curiae Norman A. Caron.

W.H. Bates, John H. Calvert, Kansas City, for Clarence M. Kelley.

George E. Leonard, Jennifer Gille Bacon, Gregory M. Bentz, Kansas City, for Doctors F. David Fortin, et al.

George E. Leonard, Jennifer Gille Bacon, Kansas City, for Metropolitan Ambulance Services Trust.

HIGGINS, Chief Justice.

Moen Phillips appeals the dismissal of his petition for damages for personal injuries suffered during rescue efforts. The trial court ruled that the "fireman's rule" barred plaintiff's cause of action. The appellate court, Western District, reversed the judgment of dismissal. One judge dissented and certified the cause to this Court under Mo. Const. Art. V, § 10. Affirmed.

Moen Phillips sued Hallmark Cards, Inc., owner of the Hyatt Regency Hotel in Kansas City, Missouri, for damages for personal injuries suffered while rescuing trapped victims of the collapse of the hotel skywalks on July 17, 1981. Plaintiff, a Kansas City fireman summoned to the disaster, charged that the defendant's negligence in design, construction, and inspection of the skywalks created an unreasonable risk that the skywalks would collapse causing death, physical injury, and emotional distress to patrons of the hotel, employees, rescuers and others or that the defendant knew or should have known of the risk. Plaintiff alleged as a result that he suffered permanent mental and physical injuries and emotional distress which required hospitalization.

Defendant moved to dismiss the action for failure to state a claim under Rule 55.27 alleging, among other things, that

the fireman's rule precludes plaintiff from recovery for injuries incurred during rescue operations.

■ Appellant contends the trial court improperly ruled that the fireman's rule foreclosed plaintiff's cause of action. He argues that the duty owed to plaintiff by defendant is to be determined not by his status as a fireman but by the foreseeability that injury might result to a rescuer by reason of negligent design, construction and maintenance of a structure open to the public.

Respondent, in support of the judgment of dismissal, asserts that the fireman's rule is the law in Missouri and argues that the rule is based on sound public policy; and that because the plaintiff alleges that Phillips was acting as "a fireman of the City of Kansas City, Missouri" at the time of his injury, the circuit court was required to dismiss his petition under the fireman's rule. Respondent cites *Nastasio v. Cinnamon*, 295 S.W.2d 117 (Mo.1956), for application of the fireman's rule in Missouri. *Nastasio* classifies firemen acting in the course of their duties as licensees. *Id.* Appellant asserts that the fireman's rule has never been established in Missouri case law, and that the words "fireman's rule" never appear in *Nastasio*. He argues that even if the fireman's rule is recognized in Missouri, the rule would apply to bar a cause of action only where the fireman is acting within the course of his duties; and that where, as in this case, the fireman volunteers to perform extraordinary acts already beyond his duty as a result of the property owner's negligence, the fireman's action for damages is not barred.

Courts in many states classify firemen who enter upon premises in the course of their duties as licensees. The owner or occupier of land is required only to refrain from wantonly or willfully injuring a licensee. The policy behind this status classification was applied in *Baxley v. Williams Constr. Co.*, 98 Ga.App. 662, 106 S.E.2d 799 (1958), where the court dismissed the petition of a fireman for personal injuries incurred when he fell into an unlighted excavation at a construction project during a fire. The court held that to require an owner or occupier of property to exercise the high degree of care owed to invitees "would be an intolerable burden which it is not in the best interest of society to impose." This line of cases emphasizes that the owner could not have denied the fireman entry onto the property. The fireman's right to enter the premises is based more on permission of law than on the invitation of an owner.

Some jurisdictions classify the fireman as an invitee. In *Strong v. Seattle Stevedore Co.*, 1 Wash.App. 898, 466 P.2d 545 (1970), the court held that a fireman killed while fighting a fire at the defendant's place of business was an invitee owed a duty of reasonable care. The court reasoned that the landowner derived an economic benefit from the fireman's actions; therefore, the fireman is properly classified as an invitee. Recovery was eventually denied to the fireman, however, because the court ruled that he had a greater knowledge of the dangers presented by the fire than the defendant's employees.

Other courts refuse to classify firemen as either licensees or invitees and leave their status as sui generis. These courts believe that artificially imposed labels do not further justice; therefore, firemen should be classified as neither invitees nor licensees. Appellant Phillips asserts that this is the proper classification for firemen. He argues that the consideration is not status but the foreseeability that injury may result from the defendant's negligent act. *Hoover's Dairy, Inc. v. Mid-America Dairymen*, 700 S.W.2d 426, 431 (Mo. banc 1985). However, in *Buren v. Midwest Industries, Inc.*, 380 S.W.2d 96 (Ky.App. 1964), although the court still held that the fireman's status is sui generis, the court denied the fireman recovery for injuries suffered while fighting the blaze. The court reasoned that it was the nature of the fireman's work to deal with the particular hazard. Although the owner was negligent, the fireman cannot be heard to com-

plain of the precise risk for which the public pays him to undertake.

Some states have created exceptions to the application of the fireman's rule. *Hawkins v. Sunmark Industries, Inc.*, No. 84–CA–1952–MR, slip op. (Ky.Ct.App. Nov. 8, 1986), held that the fireman's rule should not be permitted to be used as a defense by the builder or designer of defective property which causes or exacerbates the disaster because they are outside of the class of persons for whose benefit fire protection is extended. Other states have developed exceptions to the rule where the owner or occupier breaches a statute or ordinance requiring safety guards or precautions. *Aravanis v. Eisenberg*, 237 Md. 242, 206 A.2d 148 (1965); *Dini v. Naiditch*, 20 Ill.2d 406, 170 N.E.2d 881 (1960).

Arguments in favor of the fireman's rule emphasize public policy considerations and assumption of the risk. These arguments are well expressed in *Flowers v. Sting Security*, 62 Md.App. 116, 488 A.2d 523 (1985), *cert. granted*, 303 Md. 418, 494 A.2d 211, where the court denied recovery for personal injuries to a volunteer firefighter who fell twelve stories down an open elevator shaft during the course of a rescue operation. The arguments emerging are twofold. First, courts reason that because it is the duty of the fireman to cope with the hazards inherent in firefighting he should not be heard to complain when injured in the line of duty. *Flowers*, 488 A.2d at 534.

Second, courts hold that "especially hazardous governmental functions, such as firefighting and policing, are the collective responsibility of society as a whole and are not functions relegated to dependence upon ordinary tort recovery." *Id.* at 527. They stress that the statutory remedy of worker's compensation is applied to aid injured firemen and their families in these situations. Fires and other disasters commonly arise out of the negligence of the property owners or occupiers. Irrespective of negligence, the fireman is required to fight the fire. It is his occupation. If he is injured in the line of duty, compensation ought to be the obligation of society as a whole. *Aravanis v. Eisenberg*, 237 Md. 242, 250–251, 206 A.2d 148 (1965). *See also* Note, Assumption of the Risk and the Fireman's Rule, 7 Wm.Mitchell L.Rev. 749 (1981).

Opponents of the doctrine reject the argument that because firemen assume the risks of the employment, they should not be able to recover from those who negligently create the risks. In *Kreski v. Modern Wholesale Elec. Supply Co.*, 151 Mich. App. 376, 390 N.W.2d 244 (1986), the court stated that the availability of worker's compensation should not preclude firefighters from seeking recovery from third-party tortfeasors. The court analogized that the employee injured on the job while working on a punch press can recover worker's compensation and still sue the manufacturer of the punch press to assert that firefighters should be permitted to sue the negligent party that caused the fire or disaster. The court noted that adoption of the fireman's rule relegates firefighters to the position of "second class citizens with fewer rights than those enjoyed by other employees." *Kreski*, 390 N.W.2d at 249.

Proponents of the fireman's rule argue that firefighters whose calling is to protect the public from what is usually the public's own negligence should find their compensation in public funds. Other employees attend to their jobs with the reasonable expectation that their working environment is safe and that others will not act in a negligent manner towards them. Firemen enter their profession with no such expectation. They encounter dangerous, hazardous situations that are often caused by the negligence of others. Their jobs are substantially different from other employees. Permitting a cause of action for negligence for injuries to firemen in the course of their duties would place unreasonable burdens on every owner or occupier of property. Further, permitting firemen to recover in tort for the negligence of owners and occupiers would allow them to espouse diametrically opposed legal theories in different forums. The fireman may allege in a worker's compensation hearing that he was

injured in the course of his duties and is, therefore, entitled to compensation. He can then turn to the courts and allege injury while acting in a voluntary capacity outside of the line of duty and claim entitlement to recovery again.

Respondent cites *Anderson v. Cinnamon*, 365 Mo. 304, 282 S.W.2d 445 (1955), in support of its argument that the fireman's rule exists in this state. Although the words "fireman's rule" do not appear in the opinion, the case does apply the fireman's rule in Missouri. In *Anderson*, this Court sustained a motion to dismiss the plaintiff-fireman's petition in an action for injuries to the fireman when the porch of an apartment building owned by defendants collapsed while the firemen fighting the fire were on the porch. The Court held that although firemen were different from licensees because their right to enter the premises does not rest on permission from the owner who has no right to exclude them, the duty owed by the owner or occupier of land to the fireman is to refrain from wantonness or intentional wrong or active negligence. *Id.* The Court concluded that plaintiff's allegations that defendant negligently failed to repair the porch and keep it in reasonably safe condition were insufficient for plaintiff to recover. The Court also concluded that defendant was not actively negligent in failing to warn the firemen of structural defects in the porch while they were on the porch fighting the blaze. *Id.*, 282 S.W.2d at 450. The Court reasoned that structural conditions are capable of being observed and ascertained by the firefighters. Further, it would probably impair the firefighters' ability to fight the blaze if they were instructed where to go and where not to go by the owner. *Id.*

The Court is not persuaded to abrogate the fireman's rule in Missouri. As a consequence, this plaintiff cannot recover.

■ Appellant further argues that he acted as a volunteer in his efforts to extricate trapped victims from the debris, and therefore he can assert a claim under the rescue doctrine and avoid the strictures of the fireman's rule. In *Nastasio*, this Court held that the rescue doctrine "contemplates a voluntary act by a rescuer who in an emergency attempts a 'rescue' prompted by a spontaneous, humane motive to save human life, and which 'rescue' the rescuer had no duty to attempt in the sense of a legal obligation or in the sense of a duty fastened on him by virtue of his employment." 295 S.W.2d at 120. The fireman in *Nastasio* was a regularly employed member of the Kansas City fire department. Although at the time that the fire broke out the fireman was off duty, he entered the burning premises to rescue the occupants and was killed when the porch collapsed. The fireman's widow instituted a wrongful death action alleging that because he had acted as a volunteer during off-duty hours, she had a claim for relief under the rescue doctrine.

This Court held that Nastasio did not act as a volunteer, recognizing that a fireman has been defined as one:

"whose duty is to extinguish fires and to protect property and life therefrom." *Behr v. Soth*, 170 Minn. 278, 280, 212 N.W. 461, 462.... Volunteering ... in the sense that he agreed with his employer to perform his duties as a fireman at a time when he was off duty, does not make him a volunteer or make his action voluntary at the scene of the fire in so far as concerned the acts he performed in fighting the fire and in saving property and life.

*Nastasio v. Cinnamon*, 295 S.W.2d at 120.

Similarly, plaintiff did not act as a volunteer in the rescue operations at the Hyatt Hotel collapse; he exercised his judgment as a professional. A professional rescuer cannot respond to an emergency call from his employer then as to certain actions consider himself a volunteer. Tasks necessary for the preservation of life cannot suddenly be deemed outside of the scope of the fireman's duty. The public relies on firefighters to do whatever is necessary and within their ability to save lives during the disasters to which they are called.

Accordingly, the judgment of dismissal is affirmed.

BILLINGS, DONNELLY, WELLIVER, ROBERTSON, RENDLEN, JJ., and GAERTNER, Special Judge, concur.

BLACKMAR, J., not sitting.