Roy G. GRAY and Martha
Gray, Appellants,

v.

Kenneth RUSSELL and Helen Russell,
d/b/a Russell's Variety Store,
Respondents.

No. 75449.

Supreme Court of Missouri,
En Banc.

May 25, 1993.

Robert B. Reeser, Jr., Sedalia, for appellants.

Joseph A. Sherman, Steven F. Coronado, Kansas City, for respondents.

Jeffrey P. Ray, Kansas City, for amicus curiae MODL.

P. Kevin Blackwell, Independence, for amicus curiae MATA.

PRICE, Judge.

In this case we revisit the "firefighter's rule," which, under certain circumstances, precludes tort recovery by public safety officers who are injured in the line of duty. Because the firefighter's rule is an exception to the rescue doctrine, it does not bar an action for injuries suffered by a police officer while performing routine duties in a nonemergency situation when those injuries are caused by a landowner's ordinary negligence. We reverse the judgment in favor of respondents and remand.

## I.

On review of a defendant's motion for summary judgment, this Court views the record in the light most favorable to the plaintiff, according to plaintiff all reasonable inferences that may be drawn from the evidence. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed in connection with the motion, demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Rule 74.04(c)*.

The facts are not in dispute. Appellant Roy Gray was a police officer employed by the City of Windsor, Missouri. His duties included checking the buildings in the city's business district pursuant to department procedures. On the evening of September 30, 1988, Gray performed a routine inspection of the building owned by respondents. After checking the loading dock behind the building, he started to descend the wooden steps at the dock's west end. The stairs collapsed and he was badly hurt. At no time pertinent to the suit are facts alleged that would constitute an emergency or rescue situation.

Appellants Roy Gray and his wife sued respondents for negligence and loss of consortium, alleging that the stairs were not reasonably safe, that respondents knew or should have known of this condition, and that their failure to properly maintain the stairs led to Roy Gray's injuries. Respondents' motion for summary judgment was granted on the grounds that the firefighter's rule bars this suit.

## II.

The firefighter's rule has been discussed in a number of decisions by this Court. Its initial appearance was in the companion cases of *Anderson v. Cinnamon,* 365 Mo. 304, 282 S.W.2d 445 (1955), and *Nastasio v. Cinnamon,* 295 S.W.2d 117 (Mo.1956). These decisions involved an incident in which a firefighter and a volunteer firefighter, respectively, fell through a third-floor porch while battling a blaze. The owner of the building did not warn the firefighters that the porch was unsafe al-

though he had knowledge of the danger and an opportunity to warn them.

*Anderson* analyzed the owner's duty to the firefighters in the context of the traditional rules of premises liability. The Court decided that firefighters have the same status as licensees, even though they do not need the possessor's permission in order to enter the property. 282 S.W.2d at 446–7. This classification was fatal to the suit, as the Court noted that "a possessor owes no duty to licensees as to maintenance". *Id.* at 447. Consequently, the owner was absolved of liability for his failure to warn the firefighters to leave the porch after he knew of their presence there. *Id.* at 451. *Nastasio* extended the *Anderson* rule to the volunteer firefighter. 295 S.W.2d at 121.

■■■ On their face, *Anderson* and *Nastasio* appear dispositive of appellants' cause of action. But the *Anderson* definition of a possessor's duty to licensees was discarded in *Wells v. Goforth*, 443 S.W.2d 155 (Mo. banc 1969). There, the Court "concluded that the existing law is outmoded and should be changed." *Id.* at 158. In its place, the Court adopted the rule set forth in *Restatement, Law of Torts, First § 342* (1934). That section holds a possessor of land liable for bodily harm caused to licensees by a nonobvious natural or artificial condition on the land, if the possessor knows of the condition, realizes it poses an unreasonable risk of harm, and fails to either remedy the condition or warn licensees of the risk.[1] Accordingly, the law no longer holds the safety of gratuitous licensees in disregard.[2]

Subsequent opinions of this Court have dealt with the firefighter's rule from a more general perspective. In *Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86 (Mo. banc 1986), the Court discussed the rule's development and noted arguments advanced by other courts as support for its continued viability, such as assumption of the risk and public policy considerations.[3] *Id.* at 88. The Court declined the plaintiff's invitation to abandon the rule, *id.* at 89, but no statement of the rule itself appears in the opinion. The rule was restated, however, in *Krause v. U.S. Truck Co., Inc.*, 787 S.W.2d 708, 711 (Mo. banc 1990), as follows:

> The rule provides that a fireman brought in contact with an emergency situation solely by reason of his status as a fireman who is injured while performing fireman's duties may not recover against the person whose ordinary negligence created the emergency.

■■■ A careful reading of this statement shows why the conclusion that appellants' petition is barred by the rule is erroneous. Quite simply, the firefighter's rule applies only in emergencies.[4] Thus, appellants' claims fall outside the scope of the rule because Roy Gray was injured during a routine building check and not while responding to any emergency. The reason for this particular limitation is that the firefighter's rule originated as an exception to the "rescue doctrine," as noted in *Nastasio*, 295 S.W.2d at 120.

■■■ *Krause* discusses the policy considerations behind the development of the rescue doctrine as a "legal shorthand" for

---

1. The Court rejected the more expansive form of the rule set out in the 1965 Restatement, which only requires the possessor of land to have "reason to know of the condition". 443 S.W.2d at 158. This version was advocated in Judge Storckman's concurring opinion. *Id.* at 160.

2. It should be noted that, under present law, the duty owed to public safety officers is not automatically defined in terms of the duty to licensees. The status of a person entering the land of another is a fact-dependent determination. *See Seward v. Terminal R.R. Ass'n of St. Louis*, 854 S.W.2d 426, 428 (Mo. banc 1993). In addition, once a person's presence becomes known,

his or her status as an invitee, licensee, or trespasser largely disappears, and a uniform duty of reasonable care is owed in each instance. *Id.* at —— (slip op. at 5).

3. Not being a traditional premises liability case, *Phillips* correctly cites *Anderson* and *Nastasio* as authority with regard only to the recognition of the firefighter's rule in Missouri law. 722 S.W.2d at 89.

4. The wording of the rule suggests other situations that fall outside its scope, such as injuries caused by wanton or reckless acts, and intentional torts. *See Anderson*, 282 S.W.2d at 447.

proximate cause, and of the firefighter's rule as an exception thereto, most of which need not be repeated here. Essentially, the rescue doctrine embodies a policy choice by courts to deem rescue attempts to be foreseeable for purposes of tort recovery because, in Cardozo's memorable phrase, "Danger invites rescue." *Krause*, 787 S.W.2d at 710–1, *citing Wagner v. International Ry. Co.*, 232 N.Y. 176, 133 N.E. 437, 437 (1921). The doctrine ensures that the issue of proximate cause will not hinder an injured rescuer's attempt to recover from the original tortfeasor. Thus, "the same negligence which imperils a victim is also proximate negligence as to the nonwanton rescuer." *Nastasio*, 295 S.W.2d at 120.

▮▮▮ The benefits of the rescue doctrine, however, are withheld from public safety officers who are injured in the line of duty while performing a rescue, again on grounds of public policy.[5] Such "professional rescuers" cannot recover for injuries attributable to the negligence that required their assistance, because their position specifically requires them to confront these hazards on behalf of the public.[6] As stated in *Krause:*

> Policemen and firemen have exceptional responsibilities. At the scene of an emergency they are covered by a panoply of legal powers and duties necessary to control the people and place where rescue is required. They are expected to act with daring and dispatch to protect life and property.

787 S.W.2d at 713. Firefighters and police officers are hired, trained, and compensated to deal with dangerous situations affecting the public as a whole. Because of their exceptional responsibilities, when firefight-ers and police officers are injured in the performance of their duties the cost of their injuries should also be borne by the public as a whole, through the workers' compensation laws and the provision of insurance benefits and special disability pensions. *Id.* at 712. We have identified this reasoning as "the most persuasive and most nearly universal rationale for the fireman's rule".[7]

▮▮▮ Obviously, these considerations do not apply in nonemergency or nonrescue situations. When, as here, a routine inspection is being carried out, the firefighter or police officer can choose not to proceed if the apparent risks present unreasonable danger. In such circumstances, public policy does not require exceptional rules of law such as the rescue doctrine and the firefighter's rule. The relative duties and liabilities of the parties can then be addressed by whatever traditional rules are applicable; here, those concerning premises liability. The firefighter's rule does not exist to discriminate against public safety officers or to make them second class citizens. Nor does it exist to insulate individuals from liability for ordinary negligence in ordinary situations. The firefighter's rule is a narrow exception to the rescue doctrine, justified by the public's need for immediate and courageous action by public safety officers in emergency situations.

In sum, appellants' claims are not barred by the firefighter's rule because the injuries complained of were not sustained under circumstances that would engage Roy Gray's professional duty to rescue or to respond to an emergency.[8] The summary judgment in favor of respondents is re-

---

5. Although the rule developed in connection with firefighters, hence its name, it has been extended to police officers. *Lambert v. Schaefer*, 839 S.W.2d 27, 29[2] (Mo.App.1992).

6. *Krause* exempted ambulance attendants from the firefighter's rule precisely because their responsibilities do not encompass a duty to rescue. 787 S.W.2d at 713.

7. Some courts also cite the assumption of risk rationale, noting that police officers and firefighters voluntarily assume the hazards inherent in their respective professions. *Krause*, 787 S.W.2d at 711–12.

8. This is not to imply that a "separate and independent acts" exception, as argued by appellants, could not be recognized in an appropriate case. We reserve for another day the question of whether a public safety officer who is injured during a rescue attempt because of an act of negligence unrelated to the emergency at hand may maintain a cause of action, notwithstanding the applicability of the firefighter's rule.

versed, and the cause is remanded to the trial court.

All concur.