**Brenda WINSTON, Appellant,**

v.

**BMA CORPORATION and Penn Valley Management, Respondents.**

**No. WD 46314.**

Missouri Court of Appeals, Western District.

July 20, 1993.

Phillip Sanford Smith, Kansas City, for appellant.

Mike Halloran, Kansas City, for respondents.

Before LOWENSTEIN, P.J. and FENNER and HANNA, JJ.

HANNA, Judge.

Plaintiff, a police officer with the Kansas City, Missouri Police Department, was injured while on the defendants' premises, a midtown office building. She filed a lawsuit against the defendants who responded with a motion for summary judgment. The motion was sustained by the trial court, citing the "firefighters rule" as the basis for its decision. Plaintiff appeals.

The plaintiff, Brenda Brown Winston, went to the BMA Tower on November 7, 1984, as part of her regular duties as a police officer. She was dispatched to investigate a burglary complaint at the BMA office building. As she entered the building through the revolving door, the panes of the revolving door collapsed together. She described entering the building by pushing the door forward while holding her clipboard. As she pushed the door halfway to the point of being able to enter the building, the panel in front of her stopped moving and the panel from behind struck her in the back, pinning her inside the collapsing panes.

Her petition for damages alleges that the defendants were negligent because: 1) they knew or should have known of the dangerous and defective condition of the revolving door and its component parts, but failed to remedy it; 2) they failed to warn her of the dangerous and defective condition of the door; and 3) the condition of the door was imminently and inherently dangerous to persons entering the building. The trial court's summary judgment order was on the sole basis that the firefighters rule precluded a tort action because Officer Winston's injuries resulted from her duties as a police officer. Winston appealed.

■ In her first point, Winston claims the trial court erred in granting the defendants' motion for summary judgment because the firefighters rule does not apply to causes of action involving non-emergency situations or, where the negligent act causing the injury and the act requiring the officer's presence at the premises are completely unrelated. The defendants do not contest the facts, specifically, that the offi-

cer was performing a routine duty in a non-emergency situation.

Our review of this appeal acknowledges that summary judgment is a drastic remedy, *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 884 (Mo.App.1985), and that burden is on the party moving for summary judgment to show that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Gast v. Ebert*, 739 S.W.2d 545, 546 (Mo. banc 1987).

■ The firefighters rule precludes recovery in many situations but it is not without exceptions. It is not applicable to situations concerning hidden dangers on the premises where the owner or occupant knew of the danger and had the opportunity to warn the firefighter (or police officer) of it, *Bartels v. Continental Oil Co.*, 384 S.W.2d 667, 669 (Mo.1964), or intentional torts, *Lambert v. Schaefer*, 839 S.W.2d 27, 30. (Mo.App.1992).

The plaintiff asks this court to carve out two exceptions to the firefighters rule; first, excepting the non-emergency situations from the rule and second, excepting injuries which occurred during activity independent of the event which required the officer's presence at the scene.

Traditionally, the concept of landowner liability determined recovery under the firefighters rule. However, courts now look to assumption of the risk and considerations of public policy as the basis for the rule. *Krause v. United States Truck Co.*, 787 S.W.2d 708, 711 (Mo.banc 1990). The public policy rationale was emphasized in *Krause*, where the court stated "[t]he most persuasive and most nearly universal rationale for the firemans rule is public policy." *Id.* at 712. This rationale dictates that firefighters and police officers generally cannot recover for injuries attributed to the negligence that requires their assistance because the relation between those persons and the public specifically calls on them to confront certain hazards on behalf of the public. *Id.* They have an official public duty to confront the danger and in that

emergency situation, the law provides them with certain legal powers necessary to accomplish their responsibilities. *Id.* at 713. Such emergency situations take from the party whose negligence created the hazard the right to control the situation. *Id.* at 712.

Our decision is controlled by the latest decision of our Supreme Court. In *Gray v. Russell*, 853 S.W.2d 928, 931 (Mo. banc 1993), our Supreme Court held that the firefighters rule did not apply to an on-duty police officer who was injured while conducting a routine check of buildings in the city's business district, pursuant to department procedures. He brought suit against the building owner for negligently allowing a wooden step to remain in an unsafe condition and collapse when he stepped on it. Summary judgment was granted on the ground that the firefighters rule barred the lawsuit.

The Supreme Court considered the reasons for the firefighters rule and held that the rule did not apply in non-emergency or non-rescue situations. The police officer in *Gray* was conducting a routine building inspection and had the option of not proceeding if the apparent risk presented an unreasonable danger. Under this fact situation, public policy arguments do not "require exceptional rules of law such as the rescue doctrine and the firefighters rule." *Id.* 931.

In the present case, the facts do not constitute an emergency or rescue situation.[1] Any dangerous situation that may have surrounded the crime, no longer existed when the plaintiff entered the building. The police officer was responding to a routine burglary call in an office building. A non-emergency and non-rescue situation existed. While the officer's response to a crime scene has some degree of urgency to it, as all police calls must, the emergency was not such as to invoke the firefighters rule. The police officer was not required "to act with daring and dispatch to protect life and property" as described in *Krause*,

1. The firefighters rule originated as an exception to the rescue doctrine. *Nastasio v. Cinnamon*, 295 S.W.2d 117, 121 (Mo.1956); *Gray v. Russell*, 853 S.W.2d at 930 (Mo.banc 1993).

787 S.W.2d at 713. Her injuries were sustained under circumstances that did not call upon her duties as a rescuer in response to an emergency situation.

The summary judgment in favor of the defendants is reversed and the cause is remanded to the trial court for further proceedings.

All concur.