**James J. WAGENER, Plaintiff–Appellant,**

v.

**Raymond BURMEISTER, and Edna Burmeister, Defendants–Respondents.**

No. 62400.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 10, 1993.

Thomas P. O'Driscoll, St. Louis, for plaintiff-appellant.

Kleinschmidt, Przybeck & Frayne, Pamela M. Triplett, St. Louis, for defendants-respondents.

PUDLOWSKI, Judge.

This cause has been retransferred to this court from the Supreme Court in light of *Gray v. Russell,* 853 S.W.2d 928 (Mo. banc 1993). We had previously ordered a reversal and a remand. We again do so in light of *Gray.*

In this case, we are asked to determine whether the fireman's rule (hereinafter referred to as firefighter's rule) adopted in *Anderson v. Cinnamon,* 365 Mo. 304, 282 S.W.2d 445 (banc 1955), bars a common law negligence suit brought by a police officer who tripped over a defective stair while investigating a malfunctioning burglar alarm. Plaintiff-appellant, James J. Wagener, appeals an adverse grant of summary judgment rendered by the Circuit Court of St. Louis County. Reversed and remanded.

A summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with affidavits filed in support of the motion, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c). The facts are viewed in the light most favorable to the non-moving party. *See Krause v. U.S. Truck Co., Inc.,* 787 S.W.2d 708, 709 (Mo. banc 1990).

The facts, viewed in the light most favorable to appellant, indicate: On July 8, 1989, appellant was called to respondent Raymond and Edna Burmeister's property. His assignment was to investigate a malfunctioning burglar alarm on the property as part of his duties as a St. Louis County Police Officer. Appellant went to the Burmeister residence and determined that no one was home. As appellant turned to leave the premises, he caught his foot on a raised stair, fell and was seriously injured as a result of his fall.

Following his accident, appellant filed a common law negligence action against the Burmeisters. The Burmeisters submitted a motion for summary judgment which was granted by the trial court relying on the firefighter's rule.

In his sole point on appeal, appellant argues that the trial court erroneously applied the firefighter's rule to bar his suit. In support of his claim, appellant argues that because he was on a routine assignment and not responding to an emergency, the firefighter's rule is inapplicable. The question in the case at bar is whether the firefighter's rule will shield a landowner from liability for acts of ordinary negligence causing injury to a police officer where the police officer is responding to a non-emergency situation.

The answer was given in *Gray.* The facts in *Gray* are quite similar. The facts are not in dispute. Appellant Roy Gray was a police officer employed by the City of Windsor, Missouri. His duties included checking the buildings in the city's business district pursuant to department procedures. On the evening of September 30, 1988, Gray performed a routine inspection of the building owned by respondents. After checking the loading dock behind the building, he started to descend the wooden steps at the dock's west end. The stairs collapsed and he was badly hurt. At no time pertinent to the suit are facts alleged that would constitute an emergency or rescue situation.

Appellants Roy Gray and his wife sued respondents for negligence and loss of consortium, alleging that the stairs were not reasonably safe, that respondents knew or should have known of this condition, and that their failure to properly maintain the stairs led to Roy Gray's injuries. Respondents' motion for summary judgment was granted on the grounds that the firefighter's rule bars this suit.

The Supreme Court, after a review of the firefighter's rule, concluded that it does not bar an action for injuries suffered by a police officer while performing routine duties in a nonemergency situation when those injuries are caused by a landowner's ordinary negligence. *Id.* p. 931.

Appellant's amended petition alleges he went to defendants' residence to advise them "that their burglar alarm had malfunctioned sometime within the preceding forty-eight (48) hours. Appellant was on an administrative assignment, not an emergency call." A similar statement appears in appellant's affidavit made in opposition to defendants' motion to dismiss or in the alternative for summary judgment.

We conclude that the appellant's claim comes within the principle stated in *Gray.* The summary judgment is reversed and the cause is remanded to the trial court.

CRANDALL, P.J., and GRIMM, J., concur.