# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2373

_____

| | | |
|---|---|---|
| American Family Mutual Insurance Company, a Wisconsin corporation, | * * * | |
| Appellee, | * * | |
| v. | * * | |
| Co Fat Le; Dao T. Phan, husband and wife, and parents of Trai Van Le, deceased, | * * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Defendants, | * * | |
| Kim T. Truong, mother of Dung Van Truong, deceased; Bao Luong, Hue Vu Luong, parents of Thanh Luong, deceased; Hoason Nguyen, mother of Quan Anh Ha, deceased; Duong Hguyen, father of Dan K. Nguyen, deceased; Joan Coulter, Defendant ad Litem for Trai Van Le, deceased, | * * * * * * * * * | |
| Appellants. | * | |

_____

Submitted: December 14, 2005
Filed: March 3, 2006

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

American Family Mutual Insurance Co. (American Family) brought a declaratory judgment action, seeking a determination that it was not required to defend or indemnify the insured because the incident fell within the insurance policy's exclusions. The district court granted summary judgment for American Family.[1] We affirm.

## I.

American Family issued a homeowner's insurance policy to Co Fat Le and Dao T. Phan. Under the policy, Co Fat Le and Dao T. Phan's son, Trai Van Le, was also an insured. The policy excludes coverage for bodily injuries or property damage "arising out of the ownership, supervision, entrustment, maintenance, operation, use, loading or unloading of any type of motor vehicle." It also excludes coverage for bodily injury or property damage arising out of the use of controlled substances.

Trai Van Le owned a car that he parked in his parents' garage. On the night of April 28, 2001, Trai Van Le drove the car, which also held four of his friends, into the garage and closed the garage door. Once inside the garage, Trai Van Le kept the car's motor running, as well as the air conditioning and the cassette player. The next morning, Co Fat Le found the five boys dead in the car. The cause of death was determined to be acute carbon monoxide intoxication, but acute methylenedioxymethamphetamine (commonly known as ecstasy) intoxication was determined to be another significant condition contributing to the deaths. The parents of Trai Van Le's four friends (Plaintiffs) sued Co Fat Le, Dao T. Phan, and Trai Van

---

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was submitted by consent of the parties pursuant to 28 U.S.C. § 636(c).

Le[2] (Defendants) in Missouri state court for the wrongful deaths arising out of the incident. Count I alleged that Trai Van Le negligently used an automobile. Count II alleged that Defendants were negligent in maintaining a dangerous condition on their premises. Count III alleged general negligence by Defendants.

Trai Van Le's automobile liability insurer settled with Plaintiffs on the claim set forth in Count I of their petition. Co Fat Le and Dao T. Phan notified American Family and requested that it provide a defense for Counts II and III under the terms of their homeowner's policy. American Family brought a declaratory judgment action in the Eastern District of Missouri for a determination that it had no duty to defend or indemnify Defendants because the claims were excluded under the vehicle and controlled substances exclusions of the policy. The district court granted summary judgment to American Family, stating that the policy's vehicle exclusion applied to each of Plaintiffs' claims, but that the facts failed to establish that the controlled substances exclusion applied. The district court reasoned that because the premises liability and general negligence claims were not incidental to the running of the vehicle in the closed garage, the claims arose out of the use or operation of the automobile.

Plaintiffs and Defendants (collectively, Appellants) appeal, arguing that because the duties Defendants owed to the decedents were not dependent on the use of the motor vehicle, the doctrine of concurrent proximate cause applies and the claim is covered by the homeowner's policy.

**II.**

We review *de novo* the district court's grant of summary judgment. <u>St. Paul Fire & Marine Ins. Co v. Schrum</u>, 149 F.3d 878, 880 (8th Cir. 1998). Interpretation

---

[2]The state court appointed Joan Coulter as Trai Van Le's defendant ad litem.

of an insurance policy is a matter of state law, and we review *de novo* the district court's interpretation of state law. Id. In determining the state law issue of insurance policy coverage, we are bound in our construction of Missouri law by the decisions of the Missouri courts. See id. Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies. Christian v. Progressive Cas. Ins,. Co., 57 S.W.3d 400, 403 (Mo. Ct. App. 2001) (per curiam).

Missouri law provides that when an insured risk and an excluded risk constitute concurrent proximate causes of an injury, a liability insurer is liable so long as one of the causes is covered by the policy. Bowan v. Gen. Sec. Indem. Co. of Ariz., 174 S.W.3d 1, 5 (Mo. Ct. App. 2005). In determining whether this concurrent proximate cause doctrine applies, we must ascertain whether the alleged covered cause is an act independent and distinct from the excluded cause of the injury. Id. In the present case, we must determine whether the allegations that Defendants kept an unsafe premises and negligently failed to warn the decedents of the risk of harmful carbon monoxide fumes were independent claims distinct from claims arising out of the ownership or use of an automobile. We conclude that they were not.

In determining whether there are concurrent proximate causes of an injury, Missouri courts examine whether each alleged cause could have independently brought about the injury. See Hunt v. Capitol Indem. Corp., 26 S.W.3d 341, 345 (Mo. Ct. App. 2000); see also Prosser and Keeton on the Law of Torts (W. Page Keeton ed., 5th ed. 1984). Under the concurrent proximate cause doctrine, an insured seeking indemnification under a covered policy claim must be able to establish an independent claim under that policy provision, while at the same time not relying on an element of a claim that falls under the policy's exclusion. See, e.g., Centermark Props., Inc. v. Home Indem. Co., 897 S.W.2d 98, 103 (Mo. Ct. App. 1995) (explaining that the ownership or use of an automobile, an excluded claim, was independent from the claim of negligent supervision because it was not an essential

element of the negligent supervision claim).  For example, in <u>Bowan v. General Security Indemnity Co. of Arizona</u>, 174 S.W.3d 1, a handicapped woman hired a driving service to transport her to and from her workplace.  The driver, as a result of both his negligence and another driver's negligence, was involved in a car accident.  The handicapped woman's seatbelt was not fastened, and she was severely injured.  She sued, alleging that the driver was negligent in failing to make certain that her seatbelt was fastened.  The Missouri Court of Appeals held that this act of negligence was distinct from the negligent use of the automobile, which was excluded under the driving service's insurance policy, because even if the driver had not operated the vehicle negligently, the woman would still have been able to establish a claim for negligence for the driver's failure to make certain that her seatbelt was fastened.  <u>Id.</u> at 6.  In contrast, in <u>Hunt v. Capitol Indemnity Corp.</u>, 26 S.W.3d 341, the Missouri Court of Appeals found no independent concurrent proximate cause for the injury.  In that case, a lounge patron was stabbed outside of the lounge.  The stabbing victim sued the lounge owner, claiming that he had negligently failed to protect the victim from his assailants.  The court, however, held that this act was not distinct from the assault and battery, a claim that was excluded under the insurance policy, because without the underlying assault and battery there would have been no injury and therefore no basis for the stabbing victim's action against the lounge owner for negligence.  <u>Id.</u> at 345.

Appellants first argue that Defendants negligently kept an unsafe premises and that this was an independent cause of the decedents' deaths.  We disagree.  Under Missouri law, licensees such as the decedents can establish a claim against a property owner for premises liability if they can show that: (1) a dangerous condition existed on the property, (2) the property owner knew of the condition and realized that it involved an unreasonable risk to the licensees, (3) the property owner had reason to believe that the licensees would not discover the condition or realize the risk, and (4) the property owner failed to exercise reasonable care to make the condition

reasonably safe or warn the licensees of the condition and the risk.[3] See Gray v. Russell, 853 S.W.2d 928, 930 (Mo. 1993) (en banc); Ryan v. Rademacher, 142 S.W.3d 846, 849 (Mo. Ct. App. 2004). Here, Appellants allege that the unsafe conditions on the premises were an inadequately ventilated garage and a running automobile in a closed garage. The former is not an inherently dangerous condition. It became dangerous only when the automobile was left running in the garage while the garage door was closed. The condition of a running automobile in an inadequately ventilated garage is not independent from the use of an automobile, which falls under the policy exclusion. Further, just as there would have been no injury in Hunt if there were no assault and battery, there would have been no injury in the case at bar if Trai Van Le had not run the automobile in the closed garage. Therefore, as in Hunt, the allegedly dangerous condition was not an independent cause of the decedents' deaths. Similarly, Appellants' premises liability claim for running an automobile in a closed garage is not independent from the use of an automobile, and thus it also falls within the policy exclusion.

Appellants next argue that Defendants negligently failed to warn the decedents of the risk of harmful carbon monoxide fumes. Appellants have not established that Missouri law imposes a duty on property owners to inform their licensees of such a danger when the licensees are not confronted with a running automobile in a closed garage. Again, there would have been no injury if Trai Van Le had not run the automobile in the closed garage. Accordingly, the failure to warn was not an independent concurrent proximate cause of the decedents' deaths.

Appellants contend that this case is no different from Columbia Mutual Insurance Co. v. Neal, 992 S.W.2d 204 (Mo. Ct. App. 1999), and St. Paul Fire &

---

[3]Although Appellants refer to the decedents as invitees, we believe that the record reflects that the decedents were social guests, which is a subclass of licensees under Missouri law. See Carter v. Kinney, 896 S.W.2d 926, 928 (Mo. 1995) (en banc).

Marine Insurance Co. v. Schrum, 149 F.3d 878, in which the courts found that there were concurrent proximate causes for the plaintiffs' injuries. In both of these cases, however, the plaintiffs sought damages for the negligent supervision of a minor, not for premises liability or general negligence. Negligent supervision of a minor is a unique claim under Missouri law because "it is the obligation and ability to supervise and control *the child*, not the instrumentality that caused the harm, that is the decisive factor." A.R.H. v. W.H.S., 876 S.W.2d 687, 689 (Mo. Ct. App. 1994). Negligent supervision of a minor is thus a concurrent proximate cause of a child's injury regardless of the instrumentality that actually caused the harm. The Missouri Court of Appeals has distinguished cases alleging the negligent supervision of a minor from other concurrent proximate cause cases on this ground. See, e.g., Neal, 992 S.W.2d at 208; see also Schrum, 149 F.3d at 880-81.

Finally, Appellants argue that this case is controlled by Centermark Properties, Inc. v. Home Indemnity Co., 897 S.W.2d 98, because Defendants' failure to supervise the garage and Trai Van Le's use of it is the same as Centermark's failure to supervise its employees. Similar to the situations in Neal and Schrum, however, the claim for negligent supervision in Centermark did not depend on the cause of the eventual harm, which was the third party theft of the company vehicle. That is not the case here. Appellants' claims are not incidental to claims arising out of the use or ownership of an automobile. Moreover, Defendants have failed to establish that Co Fat Le and Dao T. Phan had a duty to supervise Trai Van Le. Accordingly, Appellants' claims fall under the policy's vehicle exclusion.

We conclude that Appellants' claims for premises liability and general negligence depend upon Trai Van Le's use of the automobile. Appellants have therefore not established concurrent proximate causes of the decedents' deaths. The insurance policy's vehicle exclusion applies and Appellants' claims are not covered by the policy. Consequently, we need not reach the issue of whether the policy's controlled substances exclusion also applies.

The judgment is affirmed.

_____